UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                File No.  1:05-CR-286

v.

                                                HON. ROBERT HOLMES BELL

RONALD DEAN MORGAN, JR. and
CARLISHA LACHAN SMITH,

       Defendants.
                                         /

## **MEMORANDUM OPINION AND ORDER**

       Defendants Ronald Dean Morgan, Jr. and Carlisha Lachan Smith have been charged in an indictment with possession of cocaine with intent to distribute.  Defendant Morgan has also been charged with being a felon in possession of a firearm.  This matter comes before the Court on the government's January 13, 2006, motion for handwriting exemplars.

       During a search of Defendants' residence the government recovered two handwritten ledger sheets similar to ledgers routinely kept by narcotics traffickers.  The government seeks a handwriting exemplar from each of the Defendants so that it can make a determination as to whether or not the ledgers were created by Defendants.  The government asserts that comparison of handwriting exemplars with the writing on the ledgers will assist the jury in determining whether Defendants knowingly participated in the drug trafficking crime with which they have been charged.

Defendants have not responded to the government's motion. Nevertheless, more than fourteen days have elapsed since the filing of the motion, and the Defendants were notified that they had until February 6, 2006, to file a response to the motion. Accordingly, the Court considers the motion ripe for adjudication.

It is well-established that handwriting exemplars are not protected by the Fifth Amendment right against self-incrimination or the Fourth Amendment protection against unreasonable searches and seizures. *See United States v. Mara*, 410 U.S. 19, 21 (1973) ("Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice."); *Gilbert v. California*, 388 U.S. 263, 266-67 (1967) ("A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside [the Fifth Amendment's] protection."). *See also United States v. Williams*, 704 U.S. 315, 317 (6th Cir. 1983) (holding that voice exemplar violates no constitutional right); *United States v. Waller*, 581 F.2d 585, 586-87 (6th Cir.), *cert. denied*, 439 U.S. 1051 (1978) (holding that Fourth and Fifth Amendments do not protect identifying characteristics such as handwriting evidence).

It appearing that the handwriting exemplars are relevant to the government's case and do not violate any of Defendants' constitutional rights,

**IT IS HEREBY ORDERED** that the government's motion to compel Defendants to furnish handwriting exemplars (Docket # 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall submit handwriting exemplars to the government within 10 days of this order, at a place and time to be arranged by counsel for the government and counsel for Defendants.

Date:   February 7, 2006          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE