UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:05-cr-286

v.

Honorable Ellen S. Carmody

CARLISHA LACHAN SMITH,

**ORDER**

    Defendant.

_____

Presently pending before the court is defendant's motion for expungement of her conviction and criminal record. (Dkt. 68). Defendant's *pro se* motion requests expungement so she may proceed with her life unimpeded by her misdemeanor conviction, and be allowed to pursue employment opportunities unimpeded by a criminal record. Defendant pled guilty to possession of cocaine, a misdemeanor, and was sentenced to two years probation.

Congress has not passed any statute granting the district courts general authority to expunge an otherwise valid criminal conviction. Congress has enacted narrow statutes authorizing expungement of specific types of convictions in certain situations. The principal statute in this regard is 18 U.S.C. § 3607(c), which applies only to defendants with misdemeanor convictions for simple possession of a controlled substance who were less than 21 years of age at the time of the offense. This statute does not empower the court to act in the present case. The federal courts have recognized an inherent expungement power to correct an injustice caused by an illegal or invalid criminal proceeding. As the Sixth Circuit has observed, "federal courts have most readily invoked

the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at * 2 (6th Cir. Mar. 8, 1996).

A number of federal appellate courts, however, have recently held that a district court does not have ancillary jurisdiction to consider a motion to expunge a criminal record based solely on equitable grounds. These decisions are based on *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), in which the Supreme Court markedly narrowed the concept of ancillary jurisdiction as exercised by the federal courts. Under *Kokkonen*, ancillary jurisdiction exists only (1) to permit disposition by a single court of claims that are, in varying respects, factually interdependent and (2) to enable a court to function successfully, manage its proceedings, and effectuate its decrees. *Kokkonen*, 511 U.S. at 379-80. The power to expunge a criminal conviction arises, if at all, under the second prong. Federal appellate courts that have squarely addressed the issue under *Kokkonen* have held that ancillary jurisdiction exists under *Kokkonen* only to expunge the record of an unlawful arrest or when necessary to ameliorate a clerical error, and not to grant relief on broad equitable grounds, such as to reward a defendant's rehabilitation or to remove impediments to employment. *See United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 860 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 479-80 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). "Thus, *Kokkonen* forecloses any ancillary jurisdiction to order expungement based on [defendant's] proffered equitable reasons." *Coloian*, 480 F.3d at 52. The Sixth Circuit has not yet spoken on this issue.

The cases decided before *Kokkonen* assumed the existence of ancillary jurisdiction to decide expungement motions, but imposed an exceedingly high standard, holding that expungement is

appropriate "only in extreme circumstances." *See, e.g., United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). The reasons advanced by defendant in the present case are not remotely sufficient to constitute extreme circumstances. The vast majority of requests for expungement are based on precisely the same reason now advanced by defendant -- that the presence of a conviction will adversely affect the defendant's ability to advance in employment. The federal courts have uniformly held that such grounds do not constitute the extreme circumstances necessary for the exercise of equitable discretion to expunge a criminal record. *See, e.g., United States v. Janik*, 10 F.3d 470, 472-73 (7th Cir. 1993); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *United States v. Doe*, 36 F. Supp. 2d 143 (S.D.N.Y. 1999); *United States v. Fields*, 955 F. Supp. 284, 285 (S.D.N.Y. 1997). As one court has noted:

> Were this court to deem the collateral effects on [defendant's] opportunity to secure gainful employment sufficient to outweigh the government's interest in maintaining criminal records, expungement would become a generally available remedy.

*United States v. Payne*, No. CR 64-145-FR, 1998 WL 426135, at * 2 (D. Ore. July 13, 1998).

Although defendant's stated reasons are compelling to her and are understandable, they do not, under the law, fall within the narrow jurisdiction of the federal courts to order expungement. Defendant's motion for expungement fails for lack of ancillary jurisdiction. If it were to be determined that this court does have ancillary jurisdiction, defendant still could not meet the extremely high standard imposed. The motion for expungement (Dkt. 68) is **denied**.

Date: July 15, 2010         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge